UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MODERN GAMING, INC.**                                **CIVIL ACTION**

**VERSUS**

**SOCKEYE SOFTWARE, LLC, ET AL.**          **NO. 22-00357-BAJ-SDJ**

## RULING AND ORDER

This contract dispute features three players in the video poker market—Plaintiff Modern Gaming, Inc., Defendant Sockeye Software, LLC ("Sockeye"), and Defendant Empire Technological Group, Ltd. ("Empire"). In sum, Plaintiff alleges that Sockeye and Empire hatched a scheme whereby Sockeye would unilaterally terminate its exclusive software Licensing Agreement with Plaintiff, and thereafter award essentially the same agreement to Empire (Plaintiff's competitor) under more favorable terms to Sockeye. Plaintiff insists that it lost valuable business opportunities in multiple states as a result of Defendants' scheme. (Doc. 1).

Now Sockeye and Empire each move to dismiss Plaintiff's Complaint. Empire challenges the merits of Plaintiff's action under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff's allegations fail to state actionable claims of tortious interference with contract and conspiracy under Louisiana law. (Doc. 11). By contrast, Sockeye challenges personal jurisdiction under Rule 12(b)(2), insisting that the Licensing Agreement is its only "contact" with Louisiana, and that it would offend due process to require its appearance in this District. (Doc. 24).

In response, Plaintiff offers arguments seemingly at odds, undermining its own position against *each* Defendant. On one hand, Plaintiff insists that Empire's Rule

12(b)(6) challenge fails because Plaintiff's claims are governed by Colorado law—not Louisiana law—insofar as the "conduct occurred in Colorado," and "there is no allegation, and no reason to conclude, that any of the wrongful conduct occurred in Louisiana." (Doc. 12 at p. 3). On the other, Plaintiff opposes Sockeye's jurisdictional argument by asserting that, "without a doubt, Sockeye reached out beyond Colorado to create a continuing relationship and obligations with a citizen of Louisiana." (Doc. 25 at p. 4).

Perhaps these arguments can be reconciled. At present, however, the Court need not square this circle because Plaintiff's Complaint plainly is deficient in its current form. As an initial matter, Plaintiff obviously falls short of establishing the Court's jurisdiction over Sockeye, a Colorado LLC whose only alleged connection to Louisiana is the Licensing Agreement with Plaintiff. The law is clear that the mere existence of a contract between a resident plaintiff and a non-resident defendant will *not* establish sufficient minimum contacts to confer personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). This rule applies with particular force when, as alleged here, the contract envisions performance primarily in states *other* than Louisiana. *See Jones v. Artists Rts. Enf't Corp.*, 789 F. App'x 423, 426 (5th Cir. 2019) (plaintiff failed to establish defendant's minimum contacts where "both the performance and the focus of the contract occurred outside Louisiana" (citing authorities)). Sockeye's

Rule 12(b)(2) motion will be granted.

Further, Plaintiff's allegations fail to state any actionable claim against Empire. Indeed, in response to Empire's Rule 12(b)(6) motion, Plaintiff defends *only* its intentional interference with contract claim, arguing that Colorado law applies, and that under Colorado law all elements are sufficiently alleged. (*See* Doc. 12 at p. 6).[1] The Court cannot agree, even *assuming* that Colorado law controls.

In Colorado, "[t]o be liable for intentional interference with contract, a defendant must 1) be aware of a contract between two parties, 2) intend that one of the parties breach the contract, 3) and induce the party to breach or make it impossible for the party to perform the contract." *Duhon v. Nelson*, 126 P.3d 262, 267 (Colo. App. 2005). Here, Plaintiff's allegations are too speculative to satisfy *any* of these elements. Specifically, Plaintiff asserts:

> 21.
>
> **Upon information and belief,** [Empire] and Sockeye entered into an exclusive License Agreement for [Empire's] exclusive use of Sockeye's Platform Development Software **soon after, at the time of, or prior to** Sockeye's unilateral termination of its License Agreement with [Plaintiff].
>
> 22.
>
> Therefore, at the time [Empire] and Sockeye entered into their exclusive License Agreement, [Empire] was aware of the License Agreement between Sockeye and [Plaintiff].

---

[1] Plaintiff does not even attempt to argue that its conspiracy claim is actionable, under Louisiana law *or* Colorado law. (*See* Doc. 12). Additionally, Plaintiff offers no argument that its tortious interference with contract claim is actionable under Louisiana law. (*See id.*). Under this Court's Local Civil Rules, issues not briefed are waived. *Spell v. Edwards*, 579 F. Supp. 3d 806, 825 n.7 (M.D. La. 2022) (Jackson, J.).

23.

> When [Empire], through its agents, engaged in *ex parte* discussions with and solicitation of Sockeye to modify and ultimately terminate the License Agreement between [Plaintiff] and Sockeye, that ... constituted intentional and unjustified inducement on the part of [Empire] to Sockeye to breach the License Agreement between [Plaintiff] and Sockeye.

(Doc. 1 at ¶¶ 21-23 (emphasis added)).

Plaintiff's mis-step is two-fold. First, "[a]s a rule, an 'information and belief' allegation cannot stand on its own; rather, it must be accompanied by sufficient additional detail to make the allegation 'plausible on its face.'" *McLin v. Twenty-First Jud. Dist.*, --- F.Supp.3d ----, 2022 WL 2751611, at *5 (M.D. La. July 13, 2022) (Jackson, J.) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 551, 557 (2007)); *see also Funk v. Stryker Corp.*, 673 F. Supp. 2d 522, 525 (S.D. Tex. 2009) (Miller, J.) (same), *aff'd* 631 F.3d 777 (5th Cir. 2011). But instead of additional detail, Plaintiff obfuscates, alleging that "**soon after, at the time of,** *or* **prior to** Sockeye's unilateral termination," Empire was aware of the Licensing Agreement, *and* induced Sockeye to breach it. The disjunctive is fatal: if, as Plaintiff alleges, Empire only became aware of the Licensing Agreement "soon after" Sockeye breached it, then Empire *cannot* plausibly have (1) known of the Licensing Agreement, (2) intended a breach, and (3) induced a breach. *See Duhon*, 126 P.3d at 267. Empire's Rule 12(b)(6) motion will be granted.

When a complaint fails to state a claim, the Court should generally give the plaintiff the chance to amend before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d

4

987, 994 (5th Cir. 2005) ("Rule 15(a) requires a trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend." (internal quotations omitted)); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable"). It is not clear on the present showing that Plaintiff's claims are necessarily futile. Accordingly, Plaintiff will be afforded the opportunity to amend.

Further, the Court will authorize limited jurisdictional discovery to determine whether Plaintiff may establish requisite minimum contacts between Sockeye and Louisiana. Such discovery is permissible where the plaintiff's "allegations … suggest with reasonable particularity the possible existence of the requisite contacts." *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)), and may include "any combination of the recognized methods of discovery." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). Here, Plaintiff has plausibly alleged the existence of a contract with Sockeye, and breach of the same, under circumstances involving Empire's interference. "[T]his Court has repeatedly held that even a 'single communication' … may confer specific jurisdiction over a foreign defendant, provided that the foreign defendant directs the communication 'into the forum,' and the 'actual content' of that communication gives rise to an intentional tort." *Wilson v. Farley Ctr. at Williamsburg*, No. 22-cv-00114, 2022 WL 17824225, at *4 (M.D. La. Dec. 20, 2022)

(Jackson, J.) (citing authorities). Common sense dictates that the Licensing Agreement (and its breach) did not materialize from thin air, but was instead the result of communications and negotiations. Significantly, Sockeye's motion and supporting affidavit do *not* address who *initiated* such communications, or how they were conducted. Sockeye also fails to address its relationship with Empire, which may expose additional contacts with Louisiana based on Plaintiff's allegation that Empire was involved in Sockeye's breach of the Licensing Agreement.[2] Plainly, Plaintiff's limited jurisdictional discovery will overlap somewhat with the merits of its claims against each Defendant; such is to be expected, however, when "the jurisdictional issue is intertwined with the merits." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

In sum, Plaintiff has made a sufficient showing that it may yet prove personal jurisdiction vis-à-vis Sockeye if provided the opportunity to conduct limited discovery. And because Plaintiff's jurisdictional discovery likely intertwines with the merits of Plaintiff's claims, and may result in supplementation and/or amplification of the allegations currently set forth in Plaintiff's original Complaint, the Court will dismiss Plaintiff's claims *without prejudice* to Plaintiff's right to submit an amended complaint, pending completion of the limited jurisdictional discovery set forth below.[3]

Accordingly,

---

[2] Notably, Empire does *not* challenge the Court's jurisdiction over its conduct.

[3] If, after close of limited jurisdictional discovery, Plaintiff elects *not* to timely amend its Complaint, Plaintiff's right to amend will be deemed waived, and Defendants may move for reconsideration of dismissal based on the arguments set forth in their current motions to dismiss.

6

IT IS ORDERED that Empire's **Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. 11)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Sockeye's **Motion To Dismiss (Doc. 24)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that within 14 days of the date of this Order, Plaintiff shall propound discovery on Defendants aimed to establish Sockeye's contacts with the State of Louisiana, consistent with the limits set forth herein. The scope of such discovery shall include telephone calls, emails, text messages and other electronic communications relating to Sockeye's negotiation and breach of the Licensing Agreement between Sockeye and Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's jurisdictional discovery permitted under this Order be and is hereby limited to six *total* requests for admission, six *total* written interrogatories,[4] and six *total* requests for production.[5]

**IT IS FURTHER ORDERED** that Defendants shall respond to Plaintiff's jurisdictional discovery within 30 days of receipt.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, if any, within 21 days of receipt of Defendants' response(s) to Plaintiff's jurisdictional discovery requests. Plaintiff's failure to timely submit an amended complaint shall

---

[4] Plaintiff is advised that the six written interrogatories permitted by this Order are *not* in addition to the 25 written interrogatories permitted by Federal Rule of Civil Procedure 33. Rather, any written interrogatory propounded to Defendants under this Order shall count towards Rule 33's limit of 25 written interrogatories.

[5] Plaintiff may propound the discovery requests permitted by this Order to Sockeye and/or Empire. To be clear, however, regardless of how Plaintiff distributes its jurisdictional discovery between Sockeye and Empire, the sum total discovery shall not exceed six requests for admission, six written interrogatories, and six requests for production.

be deemed a waiver of Plaintiff's right to amend.

**IT IS FURTHER ORDERED** that Defendants shall file their responses to Plaintiff's amended complaint (if any) within 14 days after service of the Plaintiff's amended complaint.

The deadlines set forth in this Order will not be modified or extended absent a showing of good cause. The parties are advised to expeditiously resolve any discovery disputes related to the jurisdictional discovery permitted by this Order. If, after meeting and conferring, the parties are unable to resolve a dispute over the jurisdictional discovery permitted by this Order, a timely filed discovery motion will toll the deadlines set forth herein.

Baton Rouge, Louisiana, this 11th day of January, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA